

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Rosario v. Ken-Crest Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rosario v. Ken-Crest Ser" (2006). *2006 Decisions.* Paper 959.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/959

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 05-3378
_____

BEATRICE ROSARIO,
Appellant

v.

KEN-CREST SERVICES
_____

Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-04737)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2006

Before:  RENDELL, AMBRO and *ROTH, <u>Circuit Judges</u>.

(Filed June 5, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Beatrice Rosario appeals from the order of the United States District Court for the

Eastern District of Pennsylvania granting the Appellee's motion for summary judgment in

this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u>

<u>seq.</u> ("Title VII"), and 42 U.S.C. § 1981.

_____

* Judge Roth assumed senior status on May 31, 2006

The facts of the case are well-known to the parties, and thus we need not set them forth in detail here. Rosario is a black woman who was born in Liberia. Ken-Crest Services ("Ken-Crest") is a non-profit agency that provides community-based services and support for people with mental retardation and developmental disabilities in the Delaware Valley. Rosario worked at Ken-Crest Services for eleven and one-half years before her termination on September 15, 2003. She was promoted from Direct Caregiver to Community Home Supervisor in 1999. Rosario received positive performance evaluations throughout her tenure at Ken-Crest.

On August 30, 2003, a case manager who was employed by Philadelphia County, Answad Hopewell, reported that Rosario had hit a resident at a social function at one of the Ken-Crest facilities in Philadelphia. Pauline Baker, the Program Director for Philadelphia Residential Services at Ken-Crest, investigated the allegation of abuse for Ken-Crest. She conducted interviews of people who were at the social function, including Rosario and Sandra Brown. Upon completion of the investigation, Ken-Crest determined that Rosario had abused the resident. Ken-Crest then terminated her employment effective September 15, 2003. Rosario unsuccessfully pursued the internal grievance process to challenge her termination. She filed a formal complaint of discrimination with the Pennsylvania Human Relations Commission in January 2004, alleging that she was wrongfully terminated from employment on account of her race and national origin. She received a Notice of Right to Sue in July 2004.

In October 2004, Rosario filed a counseled complaint, alleging that Ken-Crest discriminated against her by firing her on account of her race and national origin and by

2

failing to promote her. Ken-Crest moved for summary judgment and Rosario filed a response. Ken-Crest contended, among other things, that Rosario failed to rebut its legitimate, non-discriminatory reason for firing her because she had abused one of the residents of a Ken-Crest facility.

The District Court granted summary judgment for Ken-Crest. The District Court ruled that Rosario failed to establish a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), because she did not demonstrate that similarly situated non-members of the protected class were treated more favorably than she or that the circumstances of her termination gave rise to an inference of discrimination. The District Court also ruled that, because Rosario did not apply for the positions to which she was not promoted, she failed to show that non-members of a protected class were treated more favorably.

The District Court rejected Rosario's contention that discrimination on the basis of race or national origin could be inferred from harassment allegedly engaged in by Pauline Baker and Priscilla Reid, her supervisor, and Answad Hopewell. The District Court determined that Rosario's personal belief that Baker and Reid questioned her repeatedly about her financial status because she was African did not constitute evidence of discriminatory motive. The District Court concluded that, even if Hopewell's isolated comment could show bias against Africans, it was hearsay, and that this evidence, alone, was not sufficient to defeat summary judgment. The District Court also noted that Rosario waived any claim of co-worker harassment because she failed to raise it in her complaint to the Pennsylvania Human Relations Commission.

3

Next, the District Court determined that Rosario failed, in any event, to rebut Ken-Crest's legitimate, non-discriminatory reason for firing her. Ken-Crest explained that Rosario was fired when their internal investigation confirmed Rosario's abuse of a resident. The District Court held that Rosario produced no evidence upon which a reasonable factfinder could conclude that Ken-Crest's proffered reasons for firing her were incredible.

Rosario filed a timely notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). As is well understood, summary judgment is granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

We will affirm in this case for substantially the same reasons set forth in the District Court's opinion. Proceeding under a "pretext" framework, a plaintiff who establishes a prima facie case of discrimination must then demonstrate by a preponderance of the evidence that the employer's legitimate, nondiscriminatory reason for taking an adverse employment action is merely pretextual, and that the true reason for the adverse employment decision was discrimination. See Iadimarco v. Runyon, 190 F.3d 151, 166 (3d Cir. 1999). Assuming in Rosario's favor that she presented a prima facie case for discrimination under Title VII, she failed to produce evidence sufficient to

4

rebut Ken-Crest's legitimate, non-discriminatory reason that they fired her because the results of their internal investigation indicated that she abused a resident.

Rosario argues that she was not required to rebut Ken-Crest's proffer because she was entitled to an inference that Ken-Crest's reason for firing her was incredible, and therefore not legitimate. We disagree. Because Ken-Crest proffered a legitimate reason for the decision to fire her, Rosario was required to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994); see also Lowery v. Circuit City Stores, Inc., 206 F.3d 431 (4th Cir. 2000) (same standard for Title VII and § 1981 claims based on intentional discrimination). This burden is met through a demonstration that such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action [are such] that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes, 32 F.3d. at 765 (emphasis omitted).

Rosario has not made this showing. She attempts to demonstrate that Ken-Crest's reason for terminating her was pretext for race/national origin discrimination by emphasizing that the abuse allegations against her were unsubstantiated, false, and misleading. This court has held that "it is not enough for a plaintiff to show that the employer's decision was wrong or mistaken, because the issue is whether the employer acted with discriminatory animus." Abramson v. William Paterson Coll. of N.J., 260

5

F.3d 265, 283 (3d Cir. 2001). Nothing in the record supports Rosario's claim that Ken-Crest's decision to terminate her employment was based on her race or national origin.[1] Even if the abuse allegations against her were not true, this fact, alone, would not necessarily establish that race or national origin played a role in the decision to fire her. Absent any evidence that would undermine Ken-Crest's articulated reason for its decision, Rosario cannot show discriminatory animus, and cannot avert summary judgment on her Title VII and § 1981 claims.

We have thoroughly reviewed Rosario's remaining arguments on appeal and find them to be meritless.

Accordingly, we will affirm the order of the District Court.

---

[1] It is undisputed that Ken-Crest based its decision on written statements it obtained from people who attended the function at which the incident occurred. For instance, Sandra Brown reported the incident to her supervisor, Priscilla Reid, soon after it occurred, and gave a written statement to Pauline Baker about three days later. See Appdx. at 170a, 176a, & 181a-182a. She testified that she saw Rosario approach the resident after the resident called her a "bitch." She saw Rosario and the resident exchange words and then she saw Rosario slap the resident once on the cheek with her fingers. Id. at 160a - 163a.